IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MARIA ARENAS, individually | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action File |
| | § | 4:16-cv-00320-WTM-GRS |
| GEORGIA DEPARTMENT OF | § | |
| CORRECTIONS, et al. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY DISCOVERY**

Plaintiff Maria Arenas files this response to Defendants' motion to stay all discovery in this case. The motion should be denied in its entirety.

### I.  Summary of the Response

The Court should not change the ordinary schedule of discovery merely because the Defendants filed a motion to dismiss. Defendants' motion deploys only conclusory arguments to show otherwise. Doc. 21. Though Plaintiff's live pleading currently pending before this Court only alleges 42 U.S.C. § 1983 claims against individual officers (for which qualified immunity is a theoretical defense, *but see* Doc. 24, Plaintiff's Response), this case is about to be consolidated with another lawsuit, revolving around the same facts, where immunity will not be a defense. Thus, assuming the cases are consolidated as the parties have requested, Plaintiff will be entitled to proceed on theories where a discovery stay would be wholly inappropriate.

II.     **Procedural Posture**

This case was filed in the Savannah Division on November 29, 2016, alleging 42 U.S.C. § 1983 claims against Defendants Shelby, Dickson, and Williams (the "Savannah Case"). On November 28, 2016, a companion case had been filed against the Georgia Department of Corrections and Georgia Correctional Health Care in Tattnall County, Georgia, alleging Georgia Tort Claims Act and Americans with Disabilities Act/Rehabilitation Act claims. That case was removed to federal court, and is currently pending before the Statesboro Division of the Southern District of Georgia (No. 6:16-cv-00175-JRH-GRS, or the "Statesboro Case"). A joint motion was filed before the judge in the Statesboro Case to transfer that case to the Savannah Division, and consolidate it with this case. *Id*. at Doc. 4. The motion to transfer and consolidate is currently pending, and the parties anticipate it will be granted.

In this case, Defendants have moved to stay all discovery until resolution of their motions to dismiss alleging the defense of qualified immunity. Doc. 20, 21.

No Rule 26(f) conference has been completed. *See* FED. R. CIV. PROC. 26; Doc. 4.

**III.    Standard of Review**

"[M]otions to stay discovery are not favored and are rarely appropriate where resolution of the dispositive motion may not dispose of the entire case." *Hovermale v. Sch. Bd. of Hillsborough Cty. Fla.*, 128 F.R.D. 287, 289 (M.D. Fla. 1989); *see Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1561 (11th Cir. 1985) (reversing order that partially stayed discovery pending resolution of a motion for summary judgment); *see also S. Motors Chevrolet, Inc. v. Gen. Motors, LLC*, No. CV414-152, 2014 WL 5644089, at *1 (S.D. Ga. Nov. 4, 2014) (collecting cases).

"While motions to stay discovery may be granted pursuant to Rule 26(c), FED.R.CIV.P., the moving party bears the burden of showing good cause and reasonableness." *Harris Baking Co. v. Darby Bank & Trust Co.,* No. CV410-301, 2011 WL 683938, at *1 (S.D. Ga. Feb. 16, 2011) (quotation marks omitted).

**IV.   Argument and Authorities**

Should the two cases be consolidated – as the parties have requested – there will be live claims for which immunity is not a defense. As such, when the cases are consolidated, Plaintiff should be allowed to take discovery because regardless of the resolution of the immunity issues, she has alleged claims under the Rehabilitation Act and Georgia Tort Claims Act.

First, there is no immunity under the Rehabilitation Act claims because "[b]y continuing to accept federal funds, the state agencies have waived their immunity" to the Rehabilitation Act claims. *Garrett v. Univ. Ala.*, 344 F.3d 1288, 1293 (11th Cir. 2003). Defendants Georgia Department of Corrections and Georgia Correctional Health Care are recipients of federal funds, and there is no dispute that they do not enjoy immunity from this Court's jurisdiction under the Rehabilitation Act. Doc. 1, pp. 2–3, ¶¶ 5–6; *see* Doc. 20.

Second, the Rehabilitation Act claims have the same factual underpinnings as the other claims, and therefore would permit the same scope of discovery under Rule 26. Defendants, through their official policies and the choices of their employees, violated the Rehabilitation Act by failing to accommodate Mr. Tavara's known inability to care for himself, and in fact stood idly by to watch him kill himself. Doc. 1, pp. 4–5, ¶¶ 14–18. Deliberate indifference is the requisite intent to violate the Eighth Amendment, the ADA,

3

and the Rehabilitation Act. *Redding v. Georgia*, 557 Fed. Appx. 840, 844 (11th Cir. 2014); *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 345 (11th Cir. 2012). By conducting discovery on any claims, Plaintiff will conduct discovery of all claims.

Likewise, when the cases are consolidated, the Georgia Department of Corrections will not enjoy immunity under the Georgia Tort Claims Act claims. As such, Plaintiff will be entitled to conduct discovery on those claims as well.

Third, the Court's normal schedule of discovery poses no unfair prejudice to Defendants. The same attorneys represent all Defendants. *See* Doc. 20. The same substance of discovery will be obtained from the individual Defendants whether or not they are dismissed. *Compare, e.g.*, FED. R. CIV. PROC. 33 *with* FED. R. CIV. PROC. 31 *and* FED. R. CIV. PROC. 34 *with* FED. R. CIV. PROC. 45. Thus, discovery pursuant to the Rehabilitation Act and Georgia Tort Claims Act claims will be just as extensive as discovery pursuant to the others.

Finally, granting Defendants' motion would unfairly prejudice the Plaintiff, as delays will impede the date of trial, erode witnesses' memories, and increase the risk that relevant documentary evidence will be lost in the interim.

### V.  Conclusion

For the foregoing reasons, the Court should deny Defendants' motion to stay.

Respectfully submitted,

This 18th day of January 2017.

The Edwards Law Firm
The Haehnel Building
1101 E. 11th Street
Austin, Texas 78702
    Tel.   512-623-7727
    Fax.  512-623-7729

        Carter Franklin. LLP
        Post Office Box 27
        Metter, Georgia 30439
        brent@carterfranklin.com
            Tel.   912-685-5500
            Fax.  912-685-5030

By: /s/ Brent Carter
     BRENT CARTER
     GA State Bar No.: 153082

     /s/ Jeff Edwards
     JEFF EDWARDS
     TX State Bar No. 24014406
     Scott Medlock
     TX State Bar No. 24044783

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 18, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing all attorneys of record.

                              /s/ *Scott Medlock*
                                 Scott Medlock