UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARIA ARENAS,

    Plaintiff,

v.

    CV416-320

GEORGIA DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.

# ORDER

The facts behind plaintiff's motion to compel production of video evidence (doc. 76) are undisputed. In December 2014, plaintiff Maria Arenas' son Richard Tavara hung himself in his administrative isolation cell at Smith State Prison. Several officers eventually responded, including CERT Officer Santiago, but Tavara died. The Georgia Department of Corrections (GDOC) conducted an investigation, and plaintiff filed several lawsuits in state and federal courts, seeking in discovery, among other things, "any audio or video recordings of Richard Tavara." Doc. 76-4 at No. 8. Defendant GDOC, having produced three videos (video from Tavara's dormitory on the date of his suicide and videos from handheld cameras responding officers to his suicide held),

represented in its discovery responses that it had produced all video recordings it had in its possession. Doc. 76-5 at No. 8.

During plaintiff's September 2018 Rule 30(b)(6) deposition of Dr. Javel Jackson, however, the witness produced for the first time a "records review" that referenced a "video from [CERT Officer] Santiago's vest showing [Tavara] with drawn up muscles" at the time of his suicide. Doc. 81-2 at 5 (Deposition of Dr. Javel Jackson at 12 (explaining that she had "just put [her] hand on [the records review] today.")). The records review is unsigned and undated, and despite defendants' diligent efforts, both the author and the referenced bodycamera footage are yet to be found. Doc. 81 at 2-4. The GDOC represents that the report was not created as part of its internal investigation. *Id*.

Plaintiff seeks an Order compelling the GDOC to produce the video, which she contends must now be in the GDOC's possession, custody, or control because the video once *was* in its possession (as it must have been at the time the records review was written, whenever that was). Docs. 76 & 82. The GDOC responds that *if* such footage ever existed — and it has been unable to confirm that it did — then the video is no longer in its possession, custody, or control. Doc. 81 at 5-6. Defendant concedes that

if the video ever existed, it would certainly be both relevant and discoverable and that defendant would be required to produce it. *Id.* at 6. The GDOC, however, reiterates that it cannot confirm (aside from that single reference contained in a records review of unknown provenance) that the video existed, or exists now. *Id.* at 3 (in its search all possible authors have been contacted and disclaim knowledge of the report, and Officer Santiago himself states that he has never seen any such video but cannot state with certainty that no video was recorded).

The Court is unclear what relief plaintiff seeks. She requests an Order compelling defendant to produce a document that defendant readily volunteers it would produce, if it could. This Court is not in the business of issuing advisory orders on hypothetical situations. Perhaps Arenas wants spoliation sanctions for the loss of the video (if, of course, it existed). *See, e.g., Storey v. Effinham Cty.*, 2017 WL 2623775 at *2 (S.D. Ga. June 16, 2017). Maybe she believes defendant has engaged in discovery abuses and now blatantly misrepresents its efforts to locate the records review author or drum up the arcane video itself, warranting the imposition of sanctions. *See* Fed. R. Civ. P. 11 & 37. But the correct vehicle to pursue such relief is *not* a motion to compel production.

Plaintiff's motion to compel (doc. 76) is **DENIED** without prejudice to renewal should the Santiago bodycamera video ever be found and, having been found, not be promptly disclosed and produced.

**SO ORDERED,** this  23rd  day of January, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA