IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARIA ARENAS, individually and )
in her capacity as heir and )
representative of the Estate of )
Richard Tavara, )
 )
Plaintiff, )
 )
v. ) CASE NO. CV416-320
 )
GEORGIA DEPARTMENT OF )
CORRECTIONS; GEORGIA )
CORRECTIONAL HEALTH CARE; MARK )
SHELBY, in his individual )
capacity; STANLEY WILLIAMS, in )
his individual capacity; and )
MARVIN DICKSON, in his )
individual capacity; )
 )
Defendants. )
_____)



## O R D E R

Before the Court is Plaintiff's Motion for Reconsideration. (Doc. 65.) In her motion, Plaintiff asks this Court to reconsider part of its previous ruling (Doc. 63) dismissing her negligence claim against the Georgia Department of Corrections ("GDOC"). (Doc. 65.) Plaintiff alleges that the Court incorrectly found that Plaintiff's ante litem notice was deficient because it failed to properly notify Defendant GDOC of Plaintiff's negligence claim based on the conduct of certain officers in response to Decedent Richard Tavara's suicide. (Id.) Plaintiff contends that her ante litem notice was sufficient

because it adequately notified Defendant GDOC of the claim as required by O.C.G.A. § 50-21-26. (Doc. 65.)

When considering a motion for reconsideration, courts within the Eleventh Circuit have held that reconsideration is appropriate in a limited number of circumstances. Specifically,

> [r]econsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law.

Bingham v. Nelson, No. 5:08-CV-246(CAR), 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted); see also Wells v. Gen. Dynamics Info. Tech., Inc., No. 5:12-CV-18(MTT), 2012 WL 5207519, at *1 (M.D. Ga. Oct. 22, 2012). Additionally, "[i]n order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

In this case, Plaintiff does not argue that there has been any change in the law or meaningful new evidence for this Court's consideration. Instead, Plaintiff argues that this Court made a clear error by finding that the ante litem notice was deficient and did not put Defendant GDOC on notice of her

2

potential negligence claim. (Doc. 65 at 1.) Specifically, Plaintiff contends that the ante litem was sufficient because (1) Defendant GDOC had actual notice of the potential negligence claim, (2) Plaintiff was not required to provide an explanation of legal theories in her notice, and (3) Plaintiff's claim of deliberate indifference, clearly stated in her ante litem notice, necessarily included her claim for negligence. (Doc. 65.)

Despite Plaintiff's arguments, this Court does not find any reason to reconsider its prior determination that Plaintiff's ante litem notice was deficient. This Court never held that Plaintiff was required to provide any specific legal theories in her ante litem notice. (See Doc. 63 at 30-32.) Instead, this Court held that Plaintiff's ante litem notice only focused on the lack of medical treatment Decedent Tavara received in jail prior to his suicide. (Id.) In this Court's view, Plaintiff failed to provide any indication in the ante litem notice that she intended to bring suit against Defendant GDOC based on the response to Decedent Tavara's suicide. (Id.)

Under O.C.G.A. § 50-21-26(a)(5), an ante litem notice in Georgia must contain (1) the name of the state government entity, (2) the time of the transaction or occurrence, (3) the place of the transaction or occurrence, (4) the nature of the loss suffered, (5) the amount of the loss claimed, and (6) the

acts or omissions which caused the loss. At issue here is whether Plaintiff sufficiently provided notice to Defendant GDOC of the acts or omissions which caused the loss in this case. In her motion, Plaintiff attempts to highlight language from her ante litem notice that she contends proves she notified Defendant GDOC of her potential claim based on the negligent response of its officers to Decedent Tavara's suicide. Specifically, Plaintiff asserts that the ante litem notice provided that "[i]mmediate medical attention was necessary, but not given by prison officials." (Doc. 52 at 2.)

At first glance this statement does seem to support Plaintiff's position that she did in fact notify Defendant GDOC of her intention to bring suit based on the lack of response to Decedent Tavara's attempted suicide. When read in context, however, it becomes clear that Plaintiff never provided any notice about any negligence claim arising out of the response to Decedent Tavara's suicide.

The relevant portion of Plaintiff' ante litem notice provides:

> Mr. Tavera Jaramillo a/k/a Mr. Tavera Arenas requested medical treatment for depression and his bi-polar disorder, which treatment was denied. Immediate medical attention was necessary, but not given by prison officials. The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,'" Gregg v. Georgia, at 173, 96 S.Ct. at 2925 (joint opinion), proscribed by the

4

> Eighth Amendment and Fourteenth Amendments to the United States Constitution. Mr. Tavera Jaramillo a/k/a Mr. Tavera Arenas was held in the segregation or lockdown unit, yet he was not given adequate medical attention for his severe mental disorder. Such deliberate indifference to serious medical needs is a Constitutional violation.

(Doc. 52, Attach 1.) When read in context, it is clear that Plaintiff's statement about the need for immediate medical attention and the deliberate indifference by prison officials referenced Decedent Tavara's access to medical treatment <u>prior</u> to his suicide. Plaintiff's entire ante litem notice focuses on the lack of treatment Decedent Tavara received for his severe mental disorder while in prison. There is simply no indication that Plaintiff intended to bring suit based on the negligence of Defendant GDOC's officers in responding to Decedent Tavara's actual suicide. Because Plaintiff did not provide any description of the acts or omissions relating to how the officers negligently responded to Decedent Tavara's suicide, Plaintiff's ante litem notice is deficient with respect to this claim.

As a final note, the Court rejects Plaintiff's argument that the Court made a clear error in interpreting the ante litem notice because Defendant GDOC allegedly had actual notice of Plaintiff's potential negligence claim. Plaintiff contends that because Defendant GDOC responded to Plaintiff's notice and stated that "[w]e do not find any negligence or deliberate

5

indifference" (Doc. 52, Attach. 1 at 4), the ante litem must have sufficiently provided notice to Defendant GDOC of her claim. This Court, however, rejects Plaintiff's argument for two reasons. First, Plaintiff has not provided any authority to support her position that the deficiencies in her ante litem notice can be overlooked simply because the other party acknowledge the existence of a potential claim. Even if Defendant GDOC's admission warranted overlooking the deficiencies in the ante litem notice, however, Plaintiff's argument would still fail. Defendant GDOC's statement does not clearly provide that Defendant GDOC recognized that Plaintiff may have a negligence claim based on the negligent actions of its officers in responding to Decedent Tavara's suicide attempt. Due to the lack of context surrounding Defendant GDOC's statement, Defendant GDOC's statement could have easily referred to a potential negligence claim based on Defendant GDOC's failure to provide mental health treatment to Decedent Tavara prior to his suicide. Accordingly, Defendant GDOC's statement is not indicative of whether Defendant GDOC had actual notice of any claim relating to the officer's response to Decedent Tavara's suicide.

For the foregoing reasons, Plaintiff has failed to show that this Court clearly erred when finding that Plaintiff's ante litem notice did not provide adequate notice to Defendant GDOC

of any potential negligence claim based on the response of the officers to Decedent Tavara's suicide. Accordingly, this Court does not find any reason to overturn its prior decision to dismiss Plaintiff's negligence claim against Defendant GDOC. Plaintiff's Motion for Reconsideration is **DENIED**.

SO ORDERED this 19th day of September 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA